Hillsborough-northern judicial district
No. 93-221

WILLIAM J. CUNNINGHAM

v.

ASSOCIATED GROCERS SUPERMARKET d/b/a VISTA FOODS

December 14, 1994

*The Legal Clinics, P.A.,* of Manchester (*Stephen E. Borofsky* and *Melanie M. Pagano* on the brief, and *Mr. Borofsky* orally), for the plaintiff.

*Devine, Millimet & Branch, P.A.,* of Manchester (*Robert C. Dewhirst* on the brief and orally), for the defendant.

### MEMORANDUM OPINION

HORTON, J. The plaintiff, William J. Cunningham, appeals from a defendant's verdict in this personal injury action. The main issue

on appeal is whether the Superior Court (*Groff*, J.) erred in finding that the jury was unanimous. We affirm.

In the underlying suit, the plaintiff claimed that he suffered a back injury when struck by a row of shopping carts being pushed by an employee of the defendant supermarket, Vista Foods. At trial, the defendant introduced evidence showing that the plaintiff had a long prior history of back trouble. The jury returned a verdict for the defendant, but upon polling of the jury, the following colloquy took place:

| | |
|---|---|
| THE COURT: | Juror No. 11, if you would stand up, please, do you find for the defendant? |
| JUROR NO. 11: | What can I say, yes or no? . . . If I say no, your Honor— |
| THE COURT: | Well if you say no, we'll go back in and deliberate. |
| JUROR NO. 11: | Yes. No—yes, I go with the majority. |

The trial judge then conducted several minutes of *voir dire* of the juror, outside of the presence of the other jurors. At the end of *voir dire,* the trial judge found that this juror's "verdict for the defendant was her free and voluntary verdict."

A civil jury verdict in New Hampshire must be unanimous. *See Bunnell v. Lucas,* 126 N.H. 663, 666, 495 A.2d 1282, 1283 (1985). This means that each juror must freely and voluntarily assent to reach a verdict. *Cf. People v. Superior Court of Orange County,* 434 P.2d 623, 625 (Cal. 1967). This is a finding of fact that the trial court must make when the issue is raised, and one which we will not disturb unless it is clearly erroneous. The finding should be made by the trial court, considering all of the circumstances, without giving dispositive effect to any single answer by the juror. Thus, where, as here, "a juror's equivocal, ambiguous, inconsistent, or evasive answers leave doubt as to whether [s]he has assented to the verdict, but [her] answers are not such as to indicate involuntariness or coercion, it is generally held that a subsequent answer which indicates clear and unequivocal assent . . . will cure the defect." 75B AM. JUR. 2D, *Trial* § 1770, at 536 (1992).

The record reveals that Juror No. 11 expressed some equivocation about her vote, but never retracted her vote in response to questioning by the court or either attorney. Juror No. 11 stated that prior to the supplemental jury instruction she was

inclined to vote for the plaintiff out of sympathy and had misunderstood the jury instructions so as to give the plaintiff the benefit of the doubt. After the instruction, she understood the burden of proof and concluded that the plaintiff had not met his burden. At the end of the *voir dire* the court again asked the juror for a final response:

THE COURT: Before I let you go, you should feel no pressure on you or not. This is a difficult job for anybody to have to do and you're a citizen who is coming in to do your duty and we just need to know whether or not that is your verdict or not and that's what it amounts to. And you shouldn't feel that—any pressure at all one way or another. As you were instructed and as you swore, that you would consider all the evidence in the case and to the best of your ability render a verdict on the evidence in accordance with the law, and that's all I'm asking.

JUROR NO. 11: Fine, what response do you want; for?

THE COURT: For or against, is that your verdict?

JUROR NO. 11: Yes, for will be fine. You did a good job.

THE COURT: For the defendant? For the defendant?

JUROR NO. 11: Yes.

We hold that the trial court properly could have found that any prior equivocation by Juror No. 11 was overcome by her clear expressions of assent during the *voir dire*.

We have considered the plaintiff's other arguments and find them unpersuasive. *See Vogel v. Vogel,* 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

*Affirmed.*

All concurred.